GAMBLE-ROBINSON COMMISSION COMPANY v. NORTHERN PACIFIC
RAILWAY COMPANY.[1]

February 26, 1909.

Nos. 15,789—(109).

**Unreasonable Delay of Carrier.**

Defendant, a common carrier, agreed with plaintiff to transport certain fruit from a point in Washington to a point in Minnesota. The contract provided in part that defendant did not undertake to carry freight by any particular train, but to forward with reasonable dispatch. The schedule time between the two points was seven days. The fruit in fact arrived ten days after initial delivery. No evidence was introduced to show that shipments were put on the first train leaving place of consignment, or that any demand thereunto was made, that the train which carried them took more than schedule time, or that any shipment had ever been carried between the points in less than ten days. It is *held* that no presumption of negligence arose and that plaintiff had not borne the burden of proving that defendant had failed to transport with reasonable dispatch.

Action in the district court for Hennepin county to recover $703.20 damages because of unreasonable delay in the transportation of two separate shipments of fruit. The defendant's answer alleged an agreement in each contract of shipment that in no event should the defendant be liable for damage, unless the claim therefor should be presented in writing within ten days after delivery of the fruit, and that the failure to present any such claim was a bar to the action. It further alleged that it was agreed by the contract of shipment that the defendant did not undertake to carry any of such property by any particular train nor in time for any particular market, and that it should not be responsible for loss or damage arising from delay, however occasioned, but would forward the shipment with reasonable dispatch. The reply alleged that written notice of claims showing amount of loss was seasonably delivered to defendant's freight claim agent and investigated, and was declined by defendant because it had not been guilty of negligence, and thereby defendant waived the benefit of the limitation in the shipping contracts in respect to the manner

[1] Reported in 119 N. W. 1068.

or time of presenting claims for loss. The case was tried before Frederick V. Brown, J., who directed a verdict for defendant. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Geo. C. Stiles* and *Wm. W. Bartlett,* for appellant.

A single question is presented by this appeal: Can a common carrier railway company absolutely exempt itself from liability for loss arising from delay in delivery, by the provision in its bill of lading, that "the corporation does not undertake to carry property by any particular train, nor in time for any particular market, nor will it be responsible for any loss or damage arising from delay however occasioned, but will forward consignments with reasonable dispatch."

In Minnesota a common carrier cannot, by any special contract, relieve itself from liability for its own negligence. We understand the term negligence to cover every default of the carrier in the performance of its duty. The fact that the rule is usually applied to actions involving actual injury, does not by any means preclude its application to other actions where the carrier is at fault. Moulton v. St. Paul, M. & M. Ry. Co., 31 Minn. 35; Lindsley v. Chicago, M. & St. P. Ry. Co., 36 Minn. 539; Boehl v. Chicago, M. & St. P. Ry. Co., 44 Minn. 191; Alair v. Northern Pacific Ry. Co., 53 Minn. 160; R. L. 1905, § 2008. The condition in the bills of lading is squarely contrary to the express requirements of law, in that it purports to absolutely relieve the carrier from liability for delay, and it does not appear that the defendant ever caused any such condition to be stated in its published classification schedules.

Whether mere delay in forwarding a shipment, which delay is unexplained and occasioned damage to the shipper, shall be deemed to be negligence on the part of the carrier, does not appear to have ever been presented to this court, for determination. Other courts have held that such unexplained delay, causing loss to the shipper, is deemed to be negligence, for which the carrier is liable, notwithstanding any special contract to the contrary. Ormsby v. Union Pac. R. Co., 4 Fed. 706; Illinois v. Cobb, 72 Ill. 148; A. Kramer & Co. v. Chicago, 101 Iowa, 178; Dawson v. Chicago, 79 Mo. 296; Berje v. Texas, 37 La. An. 468.

*Charles W. Bunn* and *Charles Donnelly,* for respondent.

The testimony shows that the carrier took ten days to haul these cars from Wapato to Minneapolis and that the schedule time of the train, in which such shipments are ordinarily moved, was only seven days; but it does not show within what time such shipments are ordinarily carried, nor does it show that there was ever an instance of a shipment having been delivered in less time than was taken for the delivery of the shipment involved in this action. Evidence that the time used exceeds that fixed in the schedule is not evidence of negligent delay. It is only unusual or unreasonable delay that, unexplained, gives rise to any presumption of negligence. Elliott, Railroads, § 1483. The evidence of the deviation from that schedule shown in this case is evidence of negligence properly submissible to the jury.

The contract was made in Washington and covered a shipment of goods from the state of Washington. R. L. 1905, § 2008, referred to in appellant's brief, has, therefore, nothing to do with it. The validity of a contract is determinable by the law of the state in which it was made. In the absence of any evidence of a statute to the contrary, that law will be presumed to be the common law. Mohr v. Miesen, 47 Minn. 228, and the question, therefore, is as to whether at common law the contract relied upon in this case is valid.

The doctrine that contracts are invalid which assume to release a common carrier from liability for negligence is not an absolute one. It is itself an exception to the broader rule that contracts made upon a sufficient consideration (and the sufficiency of the consideration is not questioned here) are to be respected as defining the rights of the parties. The reason which underlies the exception is that to recognize such contracts would be to countenance and encourage the carrier in the negligent performance of the duty which it owes to the public. Where this reason does not exist there is no ground for the application of the rule.

Not one of appellant's cases involves simply a claim for shrinkage in market value and a contract on the part of the shipper agreeing to forego any claim for damage for such shrinkage. The only case that we have been able to find involving an express agreement of this kind is the case of White v. Great Western, 2 C. B. (N. S.) 7. The contract in that case was very similar to, indeed almost identical with,

the contract involved in the present case, and it was sustained and held to be a good defense to an action of this kind.

JAGGARD, J.

Plaintiff and appellant, a wholesale dealer in fruit, delivered at Wapato, Washington, certain fruit for transportation over defendant's line to Minneapolis, Minnesota, for delivery to plaintiff. It was stipulated: The fruit arrived ten days thereafter. The schedule time of the train in which such shipments were ordinarily moved was seven days. If the fruit had arrived within that time, plaintiff would have received $512 more than a sale at the wholesale market value at Minneapolis would have produced on the day on which the shipment actually arrived.

The only evidence offered in behalf of defendant was the bill of lading under which the shipments were made. The provision of that agreement here involved was as follows: "The corporation does not undertake to carry property by any particular train, nor in time for any particular market; nor will it be responsible for any loss or damage arising from delay, however occasioned, but will forward consignments with reasonable dispatch." The trial court directed a verdict for the defendant. This appeal was taken from an order denying plaintiff's motion for a new trial.

We are of the opinion that the trial court was right. There was no direct evidence of negligence. It is only unreasonable delay, unexplained, which gives rise to a presumption of negligence. Elliott, Railroads, § 1482.

In the case at bar the evidence fails to supply any standard of what is reasonable or usual dispatch. We take judicial notice of the facts that the distance between the points of shipment and of delivery was very great, and that the line of defendant's road crossed three mountain ranges and four states. This knowledge would not justify a court in holding that ten days was an unreasonable time for the carriage of that freight unless some evidence was introduced. Nor would proof that the time which elapsed between the receipt of shipment for transportation and delivery to consignee at destination exceeded the time fixed by schedule show negligence. No testimony to which our attention has been called was in fact offered which showed

or tended to show that this train or any other train had ever in fact made its schedule time between these points, or that there was any. known instance of a shipment having been carried and delivered in less than the ten days which were consumed in carrying and delivering the shipment in question.   Plaintiff expressly assented to the provision of the contract that the corporation did not undertake to carry the property by any particular train, and did not undertake to show that, as a matter of fact, the shipments were put upon the first train leaving Washington, or that any demand thereunto was made, or that the train which carried them took more than the schedule time.   It is to be noted in this connection, as the trial court pointed out, that the present case does not involve a deterioration in condition, which, perhaps, might affect the conclusion, if the damages sought to be recovered were based upon the depreciation in the quality of the fruit due to delay.   It would have been an obvious perversion of the dictates of ·simple justice for the trial court under the circumstances to have submitted to the jury the question of defendant's negligence.

The authorities to which defendant refers us we have examined and considered.   That they sustain some positions for which they are cited is as clear as it is certain that they wholly fail to hold that a common carrier may not make a valid contract whereby it refuses to undertake to carry property by any particular train and to forward consignments with reasonable dispatch.   These provisions of the contract only are here involved.   The agreements that the carrier does not undertake to carry property in time for any particular market, and that it will not be responsible for any damages or loss arising from delay whether valid or not (see Baltimore & O. S. Ry. Co. v. Voight, 176 U. S. 498, 502, 20 Sup. Ct. 385, 44 L. Ed. 560; 21 Harvard L. Rev. 32), are not material here.   Defendant's authorities sustain the positions that a carrier is not responsible for negligence if it transports goods consigned to it for carriage to the point of destination within a reasonable time (Ormsby v. U. P. R. Co. (C. C.) 4 Fed. 706; Illinois v. Cobb, 72 Ill. 148; Bosley v. Baltimore, 54 W. Va. 563, 46 S. E. 613, 66 L. R. A. 871; Berje v. Texas, 37 La. An. 468), and that the valid portions of this contract are enforceable (Ormsby v. U. P. R. Co., supra)

The plaintiff, we conclude, did not bear the burden of proof of showing that his goods had not been transported with reasonable dispatch under the circumstances.

Affirmed.